**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | No. 08-56705 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:07-cv-04275-SJO-E |
| v. | MEMORANDUM [*] |
| MONEY MANAGEMENT INTERNATIONAL, INC., a Texas corporation, | |
| Defendant-counter-claimant - Appellant. | |

| | |
|---|---|
| CONSUMERINFO.COM, INC., a California corporation, | No. 09-55228 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:07-cv-04275-SJO-E |
| v. | |
| MONEY MANAGEMENT INTERNATIONAL, INC., a Texas corporation, | |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Defendant-counter-claimant -
Appellant.

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted March 3, 2010
Pasadena, California

Before: GOULD, IKUTA and N.R. SMITH, Circuit Judges.

Money Management International ("MMI") appeals a partial grant of summary judgment and a partial grant of attorneys' fees to ConsumerInfo.com, Inc. ("ConsumerInfo"). We reverse, therefore vacating the award of attorneys' fees, and remand for trial on the issue of prior use.

We review *de novo* a district court's grant or denial of summary judgment. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004).

In order to prevail on its trademark infringement and related claims, ConsumerInfo must show that MMI's mark is 1) "confusingly similar" to

2

ConsumerInfo's mark and 2) that ConsumerInfo's mark is "valid [and] protectable." *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999) (reciting the elements for trademark infringement); *see Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1153 (9th Cir. 2002) (explaining that unfair competition claims are "substantially congruent" to trademark infringement claims). The district court determined — and we agree — that there is no genuine issue of material fact as to whether ConsumerInfo had satisfied these *prima facie* elements.[1]

MMI argued, both before the district court and on appeal, that it is shielded from infringement due to its prior use of its mark. Under 15 U.S.C. § 1057(c), a registered mark cannot be asserted against a person who used the otherwise infringing mark in commerce before the priority date of the registered mark. In order to constitute a valid prior use, the use must include "(1) an element of actual use, and (2) an element of display." *Chance v. Pac-Tel Teletrac, Inc.*, 242 F.3d 1151, 1159 (9th Cir. 2001).

---

[1]The district court found no dispute as to whether the marks were similar either 1) because MMI admitted such was the case or 2), in the alternative, MMI had failed to present evidence to rebut ConsumerInfo's evidence on this point. As to validity, ConsumerInfo's registration is *prima facie* evidence of validity. *See Brookfield Commc'ns*, 174 F.3d at 1047.

The district court impermissibly weighed evidence in determining there was no genuine issue of material fact as to whether MMI's use was sufficient to constitute a prior use under *Chance*. Specifically, the district court found that 1) there was no evidence that consumers actually received brochures which MMI alleges constituted use in commerce of the mark "My Score+" and 2) that there were essentially no sales under the mark. Contrary to the district court's conclusion, however, there is evidence in the record demonstrating that consumers received these materials and demonstrating sales, prior to the priority date of ConsumerInfo's mark.

MMI correctly points to the testimony of Jerry Radoff as suggesting that the brochures did reach the hands of consumers. The district court did not credit this testimony, finding that it was "undercut" by other testimony in the record. The district court erred by weighing these potentially conflicting pieces of evidence rather than viewing the evidence in the light most favorable to MMI.

There are also emails in the record that tend to show consumers were receiving MMI's brochures in early 2002. While internal emails are alone insufficient to establish a sufficiently public use of a mark, *see id.* at 1158 (citing *Brookfield Commc'ns*, 174 F.3d at 1052), the emails contain assertions that the

4

brochures were being distributed to the public. Thus, the emails tend to show that MMI used its mark publically, not just internally.

The district court did not credit evidence of actual sales by MMI under its mark. MMI argues that, it presented a spreadsheet which — according to the testimony of Charles Stanley — contained a record of numerous sales under MMI's mark. The district court found this record to be "unreliable" because the spreadsheet itself did not reference MMI's mark; thus the district court did not take the spreadsheet into account. In making this determination the district court improperly weighed evidence, discounting Stanley's testimony. Viewing the evidence in the light most favorable to MMI, this spreadsheet coupled with Stanley's testimony, tends to show sales under the mark.

On summary judgment, viewing the evidence in the light most favorable to MMI, we must conclude there is sufficient evidence to create a triable issue of fact as to MMI's use of its mark in commerce before the priority date of the registered mark.

Accordingly, we also vacate the district court's order granting in part ConsumerInfo's motion for attorneys' fees because ConsumerInfo is no longer the prevailing party.

5

We REVERSE and REMAND the partial grant of summary judgment and VACATE the award of attorneys' fees.